ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT
AUG 31 2001
CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

ENTERED
CLERK, U.S. DISTRICT COURT
SEP 4 2001
9-4-01
CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

Priority
Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHWEST AIRLINES CO., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORBITZ, LLC, an Illinois limited liability corporation,<br><br>Defendant. | CV 01-4068 RSWL (CTx)<br><br>ORDER DENYING DEFENDANT ORBITZ, LLC'S MOTION TO DISMISS OR, ALTERNATIVELY, STAY CLAIMS<br><br>___ Docketed<br>___ Copies / CTRC Sent<br>___ JS - 5 / JS - 6<br>___ JS - 2 / JS - 3<br>___ CLSD |

Presently before the Court is Defendant Orbitz, LLC's Motion to Dismiss or, Alternatively, Stay Plaintiff's Claims. This matter was scheduled to be heard on July 9, 2001, but the parties stipulated that such hearing date be continued until August 20, 2001. The Motion was taken off calendar pursuant to Rule 78 of the Federal Rules of Civil Procedure for disposition based on the papers filed. For the reasons set forth below, the Court hereby **DENIES** Defendant's Motion.[1]

---

[1] Accepting the well-pleaded allegations as true, Plaintiff's Amended Complaint forms the background to this Motion. The Court

1

17

## I. DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Defendant requests judicial notice of various newspaper articles that report that on July 4, 2001, Plaintiff removed its fare information from the Airline Tariff Publishing Co. ("ATPCO"), and that Internet travel websites, such as Defendant, can no longer collect Plaintiff's fare information from ATPCO and thus no longer distribute this information. Defendant has attached copies of the eight newspaper articles to its Request for Judicial Notice.

Defendant cites Ritter v. Hughes Aircraft Co., 58 F.3d 454 (9th Cir. 1995), as support for the proposition that the Court may take judicial notice of these articles. Ritter is inapplicable to the case at bar. Unlike the judicially noticed facts in Ritter, the facts for which Defendant requests judicial notice are neither generally known nor capable of sufficiently accurate and ready determination. Therefore, the Court **DENIES** Defendant's Request.

## II. DEFENDANT'S MOTION TO DISMISS OR STAY PLAINTIFF'S CLAIMS

### A. Plaintiff's Federal Claims

Defendant argues that Plaintiff's Lanham Act claims are subject to the primary jurisdiction of the United States Department of Transportation ("DOT") and must be dismissed or, alternatively, stayed pending review by the DOT.

Resolution of Plaintiff's trademark infringement claim ("First Cause of Action") does not require the expertise of the DOT and will not affect uniformity in regulation. Moreover, this claim does not

---

declines to repeat those allegations here.

require the Court to interpret any federal regulations pertaining to the airline industry. Therefore, the primary jurisdiction doctrine is inapplicable to Plaintiff's First Cause of Action.

Plaintiff's Second Cause of Action is for false designation of origin/false association pursuant to 15 U.S.C. § 1125(a)(1)(A). Section 1125(a)(1)(A) provides that nay person who uses any false designation of origin, or false or misleading description or representation of fact in connection with any goods or services in interstate commerce which "is likely to cause confusion or to cause mistake, or to deceive as to affiliation, connection, or association of such person with another person, or as to the origin, sponsorship or approval of his or her goods, services, or commercial activities by another, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

Congress has expressly granted the DOT the authority to promulgate regulations prohibiting unfair and deceptive practices and unfair methods of competition in the aviation industry. See 49 U.S.C. §§ 40101, 41712; see also Pan Am. World Airways, Inc. v. United States, 371 U.S. 296 (1963). Pursuant to this authority, the DOT has promulgated such regulations. See 14 C.F.R. § 399.80. The regulations pertain to ticket agents, which are defined as "person[s] (except an air carrier . . .) that as a principal or agent sell[], offer[] for sale, negotiate[] for, or hold[] [themselves] out as selling, providing, or arranging for, air transportation." 49 U.S.C. § 40102. "[W]hen a comprehensive travel site ("megasite") sells an airline ticket, [it] [is] functioning as a ticket agent and [is]

3

subject to the DOT's regulations." Caroll E. Dubuc, <u>Cyberspace: The Advertising Super Highway--Some Bumps Need Repair</u>, 790 PLI/Comm 165, 188 (1999).

Here, Defendant does not sell tickets for air travel on Plaintiff's carrier; instead, Defendant operates a search engine whereby users can comprehensively search major airlines to purportedly find the lowest publicly available fares. Once a user finds the flight he or she wishes to purchase, Defendant's site then directs the user to the carrier's own website for purchase of the ticket. Through this virtual activity, Defendant does not sell, offer for sale, negotiate for, or hold itself out as selling, providing, or arranging for air transportation on Plaintiff's carrier within the statutory definition. Accordingly, the primary jurisdiction doctrine is inapplicable to Plaintiff's Second Cause of Action.

For the same reasons, the primary jurisdiction doctrine is also inapplicable to Plaintiff's Third Cause of Action. In sum, none of Plaintiff's Lanham Act claims require the expertise of the DOT and do not pose any threat to the uniformity of regulation. Thus, the rationales for invoking the primary jurisdiction doctrine are not present here.

### B.  Plaintiff's State Law Claims

Defendant argues that Plaintiff's state law claims are preempted by the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. App. § 1305(a)(1). Plaintiff's state law claims are for intentional interference with prospective economic advantage ("Fourth Cause of Action"), intentional interference with contractual relations ("Fifth

Cause of Action"), misappropriation ("Sixth Cause of Action"), unfair competition--Business and Professions Code § 17200 ("Seventh Cause of Action"), and false advertising--Business and Professions Code § 17500 ("Eighth Cause of Action").

The ADA prohibits States form "enact[ing] or enforc[ing] any law . . . relating to [air carrier] rates, routes, or services." 49 U.S.C. App. § 1305(a)(1). A claim relates to an air carrier's rates, routes, or services if the claim has "a connection with, or reference to, airline 'rates, routes, or services.'" Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384 (1992). "Rates" and "routes" generally refer to the point-to-point transport of passengers. See Duncan v. Northwest Airlines, Inc., 208 F.3d 1112, 1114 (9th Cir. 2000). Specifically, "rates" refers to price and "routes" refers to courses of travel. See id. "Service" refers to the prices, schedules, origins, and destinations of the point-to-point transportation of passengers. See id.

State actions that are too tenuous, remote, or peripheral are not preempted by the ADA. See Morales, 504 U.S. at 390. Rather, the ADA preempts state law claims that significantly impact (1) the economic deregulation of the airlines, and (2) the forces of competition among them. Charas v. Trans World Airlines, Inc., 160 F.3d 1259, 1261 (9th Cir. 1998).

Plaintiff alleges that due to Defendant's alleged misrepresentation and misquoting of fares, flights, and services Plaintiff offers, Plaintiff has lost revenues that it would have otherwise received and has suffered damage to its reputation.

Allowing Plaintiff's claims to proceed in this Court will not significantly impact airline rates, routes, or services to warrant preemption. The issue in this case is whether Defendant misrepresented and falsely advertised Plaintiff's fare information and if so, the damages that Plaintiff has suffered as a result. Plaintiff's claims are too tenuous to have a significant impact on deregulation, nor do they interfere with the forces of competition therein. For these reasons, Defendant's Motion is **DENIED** with respect to Plaintiff's Fourth through Eighth Causes of Action.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

RONALD S.W. LEW

---
RONALD S.W. LEW
United States District Judge

DATED: August 31, 2001

No. CV 01-4068 RSWL (CTx) [Southwest Airlines Co. v. Orbitz, LLC: Mot. to Dismiss or Stay Claims]

(orders\orbitz.dismiss;stay\S)